Filed 12/7/22  P. v. Miller CA4/2
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E076569 |
| v. | (Super.Ct.No. CR57524) |
| ANTHONY SILEAN MILLER, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge. Reversed and remanded with directions.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland and Charles C. Ragland, Assistant Attorneys General, Eric A. Swenson and Heather M. Clark, Deputy Attorneys General, for Plaintiff and Respondent.

1

In 1995, defendant and appellant Anthony Silean Miller was convicted of first degree murder, with robbery-murder special circumstance, on a felony-murder theory. The robbery-murder special circumstance authorizes a sentence of life without the possibility of parole for "a major participant" in a felony murder who acted with "reckless indifference to human life."  (Pen. Code,[1] § 190.2, subds. (a)(17) & (d).)

In 2020, defendant filed a petition to vacate his murder conviction and for resentencing under section 1172.6 (formerly section 1170.95).[2]  The trial court summarily denied the petition, concluding the felony-murder special circumstance finding conclusively established that defendant was not eligible for relief.

Defendant appealed that ruling, arguing the jury's special circumstance finding did not render him ineligible for relief as a matter of law because his conviction predated our Supreme Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*), which clarified the meaning of "major participant" and "reckless indifference to human life."  He thus believed he had established a prima facie case for relief under section 1172.6 entitling him to an evidentiary hearing.  In our original opinion, we concluded that defendant's special circumstance finding rendered him ineligible for relief as a matter of law, and therefore affirmed the summary denial of defendant's petition.

---

[1]  All future statutory references are to the Penal Code.

[2]  Effective June 30, 2022, the Legislature renumbered section 1170.95 as section 1172.6, with no substantive change in text.  (Stats. 2022, ch. 58, § 10.)  We cite to section 1172.6 for ease of reference unless otherwise indicated.

The California Supreme Court granted review of our opinion and deferred action pending its decision in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), and it has now transferred the matter back to us with directions to vacate our original opinion and reconsider defendant's appeal in light of that decision. In *Strong*, our Supreme Court held that a pre-*Banks*/*Clark* felony-murder special circumstance finding does not render a section 1172.6 petitioner ineligible for relief as a matter of law. We vacated our original decision and provided the parties the opportunity to file a supplemental brief. Having reconsidered defendant's appeal in light of *Strong*, we reverse the trial court's order and remand the matter for further proceedings pursuant to section 1172.6.

I

FACTUAL AND PROCEDURAL BACKGROUND

A.      *Factual Background*[3]

On June 14, 1994, Becky Johnson was a passenger in the victim's car when her acquaintances, defendant and his friend, Michael Bramitt, got into the back seat. Bramitt, who was sitting behind the victim, put the victim into a headlock and put a gun to his head, saying, " 'Where's the money at?' " Defendant went through the victim's pockets. Bramitt hit the victim in the head with his gun. Both men pulled the victim out of his car and onto the street where they jumped on and kicked the victim. Defendant told Bramitt, " 'Just shoot him.' " Bramitt did, killing the victim.

---

[3] The underlying facts of defendant's murder conviction are taken from our nonpublished opinion in his direct appeal (*People v. Miller* (Aug. 11, 1997, E016679).

Later that night, Becky drove the victim's car by where defendant was standing, and he told her to " 'get that car out of here.' " Defendant and Bramitt went to the home of defendant's girlfriend's godmother and were washing off jewelry in a bathroom sink. There was also blood in the sink and blood on Bramitt's pants. Defendant got blood on a neighbor when she handed him a beer. Defendant changed into someone else's clothes while his girlfriend washed the clothes he had been wearing. While in the bathroom, Bramitt said something about burning clothes. Bramitt left the home in the victim's car. Defendant later told his girlfriend's godmother that he and Bramitt killed the victim and Bramitt was the one who fired the gun.

Becky told several people that she, defendant, and Bramitt were involved in the murder.

Bramitt spent the night following the shooting at the home of a friend where he and Becky talked. Bramitt had Becky removed her clothing because there was blood on it. He also had Becky take a shower and wash her hair. He told Becky he was going to burn the clothes in the fireplace. Burnt clothing was later found in the fireplace.

B.   *Procedural Background*

A jury convicted defendant of first degree murder (§ 187). They also found true the special circumstance allegation that the murder was committed while defendant was engaged in the commission of robbery (§ 190.2, subd. (a)(17)(i)) and during which a principal was armed with a handgun (§ 12022, subd. (a)(1)). The trial court sentenced him to life without the possibility of parole, plus one year. Defendant appealed his

4

conviction but raised no claims regarding the sufficiency of the evidence presented against him. We affirmed his conviction in August 1997.

On January 1, 2019, Senate Bill No. 1437 became effective, which amended the felony-murder rule and the natural and probable consequences doctrine as it relates to murder. (See Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which created a procedure for offenders previously convicted of murder to seek retroactive relief if they could no longer be convicted of murder under the new law. (Stats. 2018, ch. 1015, § 4.)

On January 22, 2020, defendant filed a section 1172.6 petition to vacate his murder conviction, and the court appointed him counsel.

On February 5, 2021, after hearing argument from the parties, the trial court summarily denied the petition. The court concluded defendant was ineligible for relief as a matter of law based on the jury's special circumstance finding. The court also noted that the law had not changed with respect to aider and abettor liability after *Banks* and *Clark* and that defendant's option was to challenge the special circumstance finding by way of writ of habeas corpus.

II

DISCUSSION

Defendant contends the trial court erred in summarily denying his section 1172.6 petition by concluding the special circumstance finding rendered him ineligible for relief as a matter of law because the finding predates *Banks* and *Clark*. The People concede

5

that under *Strong*, the court's order denying defendant's petition for resentencing at the prima facie stage should be reversed and the matter remanded for further proceedings. Because his conviction predates our Supreme Court's decisions in *Banks*, *supra*, 61 Cal.4th 788 and *Clark*, *supra*, 63 Cal.4th 522, we concur that the trial court erred in denying defendant's petition at the prima facie stage and remand for further proceedings under section 1172.6.

A. *Legal Background*

In 2015 and 2016, our Supreme Court decided *Banks* and *Clark*, respectively, which discuss when section 190.2 authorizes a special circumstance life without parole sentence for a felony-murder defendant convicted as an aider and abettor. (*Banks*, *supra*, 61 Cal.4th at p. 794; *Clark*, *supra*, 63 Cal.4th at pp. 609-610.) Those decisions held that participation in an armed robbery, on its own, is insufficient to support a finding the defendant acted with reckless indifference to human life. Instead, the factfinder must consider "the defendant's personal role in the crimes leading to the victim's death and weigh the defendant's individual responsibility for the loss of life, not just his or her vicarious responsibility for the underlying crime." (*Banks*, at p. 801, italics omitted.) "The defendant must be *aware of and willingly involved in* the violent manner in which the particular offense is committed," thereby "demonstrating reckless indifference to the significant risk of death his or her actions create." (*Ibid.*, italics added.) *Banks* provided a non-exhaustive list of factors to consider when determining whether the defendant was a major participant in the underlying felony. (*Banks*, at p. 803.) And *Clark* offered a

6

similar list for determining whether the defendant acted with reckless indifference to human life. (*Clark*, at pp. 619-623.)

As noted previously, effective January 1, 2019, the Legislature passed Senate Bill No. 1437 " 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' " (*People v. Gentile* (2020) 10 Cal.5th 830, 846-847 (*Gentile*); see Stats. 2018, ch. 1015, § 1, subd. (f).) The Legislature accomplished this by amending sections 188 and 189. Effective January 1, 2022, Senate Bill No. 775 expanded the scope of those changes to encompass, among other things, murder convictions "under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a), as amended by Stats. 2021, ch. 551, § 2.)

Section 188, which defines malice, now provides in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3); Stats. 2018, ch. 1015, § 2.) Section 189, subdivision (e), now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [defining first degree murder] in which a death occurs

is liable for murder only if one of the following is proven:  [¶] (1) The person was the actual killer.  [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree.  [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."  (§ 189, subd. (e); Stats. 2018, ch. 1015, § 3.)

Senate Bill No. 1437 also created a procedure for offenders previously convicted of felony murder or murder under the natural and probable consequences doctrine to seek retroactive relief if they could no longer be convicted of murder under the new law.  (*Gentile*, *supra*, 10 Cal.5th at p. 843; see *People v. Lewis* (2021) 11 Cal.5th 952, 959 (*Lewis*).)  Under section 1172.6, such offenders may petition to have their convictions vacated and are entitled to relief if (1) the complaint or information filed against them allowed the prosecution to proceed under a felony murder or natural and probable consequences theory; (2) they were "convicted of murder, attempted murder, or manslaughter following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted of murder or attempted murder"; and (3) they "could not presently be convicted of murder or attempted murder because of changes to Section 188 or 189."  (§ 1172.6, subd. (a).)  If a petition makes a prima facie showing the offender is entitled to relief, the trial court must issue an order to show cause and hold "a hearing to determine whether to vacate the murder, attempted murder, or manslaughter

8

conviction and to recall the sentence and resentence the petitioner on any remaining counts in the same manner as if the petitioner had not previously been sentenced." (§ 1172.6, subds. (c), (d)(1).) At that hearing, the People bear the burden "to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1172.6, subd. (d)(3); see *Lewis*, at p. 960.)

The prima facie inquiry under section 1172.6, subdivision (c), is "limited." (*Lewis*, *supra*, 11 Cal.5th at p. 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid*.) Although the court may rely on the record of conviction (including a prior appellate court opinion) in determining whether defendant has made a prima facie showing, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Id*. at p. 972; see *id*. at p. 971.)

In Senate Bill No. 775, the Legislature amended the language of section 1172.6, expanding the scope of the petitioning process and clarifying some of the procedural requirements. (Stats. 2021, ch. 551, § 2.) Section 1172.6 now provides that, upon receiving a petition, if the petitioner has requested counsel, the court must appoint counsel to represent the petitioner. (§ 1172.6, subd. (b)(3).)

B. *Standard of Review*

In this case, the trial court denied defendant's petition at the prima facie stage under section 1172.6, subdivision (c). A denial at this stage is appropriate only if the

9

record of conviction demonstrates that the petitioner is ineligible for relief as a matter of law.  (*Lewis*, *supra*, 11 Cal.5th at p. 960.)  This is a purely legal conclusion, which we review de novo.  (See *id*. at p. 961.)

C.  *Analysis*

Our Supreme Court recently made clear that when, as here, a defendant's case "was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong*, *supra*, 13 Cal.5th at p. 721.)  "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*."  (*Id*. at p. 710.)  The *Strong* court noted that the *Banks* and *Clark* cases "both substantially clarified the law governing findings under . . . section 190.2, subdivision (d)."  (*Id*. at p. 706.)  The court explained that a pre-*Banks* and *Clark* special circumstance finding does not negate the showing that the petitioner could not presently be convicted of murder or attempted murder because of changes to section 188 or 189 "because the finding alone does not establish that the petitioner is in a class of defendants who would still be viewed as liable for murder under the current understanding of the major participant and reckless indifference requirements."  (*Strong*, at pp. 717-718.)

Noting the differences between pre- and post-*Banks* and *Clark* special circumstance requirements, the Supreme Court observed the changes may "have altered what evidence defense counsel would have sought to introduce[,] . . . might have fundamentally altered trial strategies," and may have affected what jury instructions were

10

requested or given.  (*Strong*, *supra*, 13 Cal.5th at p. 719.)  "An after-the-fact court review of a pre-*Banks* and *Clark* record does not account for all these differences. . . .  And as the Legislature has made explicit in a recent amendment to the predecessor to section 1172.6, a court determination that substantial evidence supports a homicide conviction is not a basis for denying resentencing after an evidentiary hearing.  [Citation.] Nor, then, is it a basis for denying a petitioner the opportunity to have an evidentiary hearing in the first place."  (*Id*. at p. 720.)  Thus, neither "the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause."  (*Id*. at p. 720.)

Here, the jury made its special circumstances finding about 20 years before *Banks* and *Clark*.  And the trial court found defendant ineligible for relief as to his murder conviction based on the attendant special circumstance finding, namely that the murder was committed in the commission of the robbery.  Pursuant to *Strong*, that finding does not preclude defendant from stating a prima facie case for relief.  (*Strong*, *supra*, 13 Cal.5th at p. 721.)  Furthermore, a defendant's prima facie case is not barred even if the trial evidence was sufficient to support the special circumstance finding after *Banks* and *Clark*.  (*Strong*, at p. 710; *Lewis*, *supra*, 11 Cal.5th at p. 972 [in reviewing the record at the prima facie stage, "a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion' "].)

Defendant's resentencing petition was facially sufficient and alleged the essential facts necessary for relief under section 1172.6.  Nothing in the record demonstrates defendant is ineligible for relief as a matter of law, so we must remand the matter for further proceedings under section 1172.6.

## III

## DISPOSITION

The trial court's order denying defendant's section 1172.6 petition is reversed. The matter is remanded for further proceedings pursuant to section 1172.6.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


MILLER
J.


FIELDS
J.

12